FILED
United States Court of Appeals
Tenth Circuit

July 3, 2024

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

VINCENT L. HEPBURN,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 24-6045
(D.C. No. 5:24-CV-00026-HE)
(W.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

---

Plaintiff Vincent Hepburn, appearing pro se, appeals the district court's order dismissing his complaint as legally frivolous. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

I

Mr. Hepburn initiated these proceedings by filing an 882–page pro se complaint against the United States. Mr. Hepburn alleged in his complaint that he

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was proceeding under the Federal Tort Claims Act (FTCA) and "seek[ing] compensatory damages arising from the negligent and wrongful acts and omissions of employees of the United States acting" in their official capacities. R. at 7. More specifically, Mr. Hepburn alleged that employees of the National Aeronautics and Space Administration (NASA) have, since the agency's inception, "been the spreaders of error and extremely harmful, destructive, poisonous misinformation about Earth and the workings thereof." *Id.* at 33–34. For example, Mr. Hepburn alleged that NASA employees released "inaccurate information" about "events that never happened" such as "the Big Bang, evolution, moon landings, ISS spacewalks, [and] space exploration," and that they "[e]stablish[ed]," "promot[ed]," "advance[ed]," and "favor[ed] the religion of heliocentrism." *Id.* at 39. Mr. Hepburn in turn alleged that the misinformation spread by NASA employees was directly refuted by the King James version of the Bible.

Mr. Hepburn's complaint alleged claims of negligence, "Wrongful Acts," and "Negligent Omissions." *Id.* at 873, 879. In his prayer for relief, Mr. Hepburn asked for injunctive relief (i.e., an order directing NASA to "cease and desist from harming" him and infringing upon his constitutional rights), declaratory relief, and an award of "economic and non-economic damages in the amount of $29,200,000,000.00." *Id.* at 884–85.

Shortly after Mr. Hepburn filed his complaint, the district court issued an order dismissing the complaint as frivolous. The district court noted in its order that "district courts have the inherent power to manage their dockets and that power

2

includes, in a proper case, the power to dismiss a case that is plainly frivolous." *Id.* at 897 (citing *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989)). The district court stated in its order that Mr. Hepburn was "free to believe whatever he" wanted "to believe about things like those referenced in his complaint," but that his beliefs did "not translate . . . into serious claims against others cognizable in a court of law." *Id.* at 898. The district court also noted that the allegations in Mr. Hepburn's complaint "substantially track[ed] the allegations made in a separate case" filed by Mr. Hepburn that asserted "claims under the qui tam provisions of the False Claims Act." *Id.* at 897. Ultimately, the district court concluded the complaint "lack[ed] any basis for an arguable, plausible claim and [wa]s clearly frivolous." *Id.* at 898.

After the district court entered final judgment, Mr. Hepburn filed a motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b). The district court denied that motion.

Mr. Hepburn now appeals.

II

In *Mallard*, the Supreme Court recognized that district courts have inherent authority to dismiss actions that are frivolous or malicious. *Mallard*, 490 U.S. at 307–08. The district court exercised that authority in this case. We review the district court's dismissal for abuse of discretion. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). To the extent the frivolousness determination turns on

an issue of law, our review is de novo. *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003).

After examining the entirety of Mr. Hepburn's complaint, we conclude the district court did not err in dismissing the complaint as frivolous. A frivolous case "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, Mr. Hepburn's claims are based on the theory that NASA employees have for years been spreading information that is contrary to what Mr. Hepburn believes is contained in the King James version of the Bible. In other words, Mr. Hepburn seeks to convert his privately held religious beliefs into claims for legal relief against the federal government. Mr. Hepburn cites to no authority, and we are aware of none, that supports that type of legal theory in an FTCA action against the federal government.

III

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge